RADER, Circuit Judge,
concurring.
This court often uses the term “ordinary and customary meaning.” While the “ordinary” meaning, often represented by the first listing in a reputable dictionary, can occasionally have relevance to construing terms in a patent claim, this court’s case law requires primary reliance on the “customary” meaning. The “customary meaning” of a term in a patent claim links the inquiry to the understanding of one of ordinary skill in the art at the time of invention. Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1477 (Fed. Cir.1998) (stating that the “inventor’s words that are used to describe the invention — the inventor’s lexicography — -must be understood and interpreted by the court as they would be understood and interpreted by a person in that field of technology”). Thus, I concur to highlight the chain of reasoning that links this court’s use of the dictionary in this case to the proper context of this invention.
The word “normal” that appears in this case has a different “customary” meaning to a psychiatrist in a mental hospital (where “normal” refers to a sane mental state) than to a pharmacist seeking proper dosages (where “normal” doses would vary with body weight and other factors), than to a marriage counselor (where a “normal” marriage probably means an average marriage, i.e., one perpetually in danger of divorce), than to an oil well driller in a *1296 pump technology. In other words, dictionaries often supply multiple definitions for a single term with those definitions varying from dictionary to dictionary and varying also over time as the language evolves. Without proper context in selecting a dictionary definition, a court can err by importing a limitation into patent claims from a dictionary as well as from, a patent specification. See Rambus Inc. v. Infineon Techs. AG, 318 F.3d 1081, 1088-89 (Fed. Cir.2003). Thus, when a court relies on a dictionary definition, it must include additional reasoning to substantiate its choice amongst many possible definitions in many possible dictionaries at many possible times.
This case illustrates a proper search for “customary” meaning. This court does not simply select a definition, but instead supplies the reasons that this court chose a particular definition of “normal” in a particular dictionary at a particular time. This court properly links that definition to the specification’s terminology and other indicia of the understanding of artisans of ordinary skill at the time of invention. This court chose a particular “customary” view of the word “normal” based on the usage of this word in this field at the time of invention.
Opinion for the court filed by Circuit Judge LINN. Concurring opinion filed by Circuit Judge RADER.